COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Overton
Argued at Alexandria, Virginia


DONALD LOVELLE PELHAM

v.         Record No. 0355-95-4         MEMORANDUM OPINION*
                                     BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     William L. Winston, Judge


          (Matthew T. Foley, on brief), for appellant.
          Appellant submitting on brief.

          Brian Wainger, Assistant Attorney General (James S.
     Gilmore, III, Attorney General; Richard B. Smith,
     Assistant Attorney General, on brief), for appellee.


     Donald Lovelle Pelham (appellant) appeals from judgments of

the Circuit Court of Arlington County (trial court) that approved

a jury verdict convicting him for malicious wounding (Code

§ 18.2-51); use of a firearm in the commission of that felony

(Code § 18.2-53.1); maliciously shooting or throwing a missile at

or against a motor vehicle while occupied by a person or persons

(Code § 18.2-154); and possessing or transporting a firearm after

having been convicted of a felony (Code § 18.2-308.2).  The sole

issue presented by this appeal is whether the trial court

wrongfully refused to permit appellant to question Laurice

Barksdale (victim) concerning marijuana found in the vehicle in

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

which victim was riding when he was shot.  Finding no error, we affirm the judgments of the trial court.

Stated most favorably to the Commonwealth, <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975), the record discloses that on May 27, 1994, at approximately 2:30 a.m. (victim) and his friend, Leland Mansgram, were traveling by automobile to their home state of Georgia.  Mansgram was driving and victim was in the front passenger seat.  The pair traveled through the District of Columbia, heading toward the 14th Street Bridge to Route 395.  While still in the District, a Ford Escort came to victim's attention as it pulled up close to the passenger side of the Nissan Pathfinder in which victim was riding.  The Ford followed close behind.  Shortly after crossing the 14th Street Bridge and entering Route 395, victim saw the Ford approaching the passenger side of the Pathfinder with someone in the back seat of the Ford holding a gun.  Victim was struck by two bullets, allegedly fired by appellant from the Ford.  Victim, who had a Georgia concealed weapons permit, grabbed his nine millimeter automatic hand gun from his bag and fired fifteen rounds blindly at his attacker.  Appellant received two gunshot wounds and was driven to a nearby hospital by the driver of the car he was in and was arrested by the Arlington County Police at the hospital.

At trial, victim positively identified appellant as the man who fired into his vehicle.  He also testified that at the

preliminary hearing he had picked appellant out from among other young men of the same color in the courtroom.

Appellant established during cross-examination of victim that he was smoking a cigar when fired upon. Victim then was asked whether the cigar was "laced with any type of drugs," and he responded, "No. It's Black and Wild cigars. They are just pipe tobacco cigars." Victim then reiterated that the only type of tobacco in the cigar was "pipe tobacco."

Appellant's counsel then approached the bench and requested that he be allowed to question victim about whether any of the marijuana found in a bag, in the car in which victim was riding, was in the cigar. Victim had responded that there was only pipe tobacco in the cigar and no marijuana. When asked by the court, "How are you going to tie in the marijuana to those cigars?" appellant's counsel responded, "You can put the marijuana tobacco in the cigar." Appellant offered no evidence, or proffer, that his question would alter the stated fact.

Whether cross-examination should be limited is a matter within the sound discretion of the trial court and is subject to review only for abuse of discretion. Naulty v. Commonwealth, 2 Va. App. 522, 529, 346 S.E.2d 549, 553 (1986). We find no abuse of discretion by the trial court under these facts in refusing to permit the question appellant contends is error. On this record, the question appeared to be merely a prohibited "fishing expedition." See Robinson v. Commonwealth, 207 Va. 66, 147

S.E.2d 730 (1966).

For the reasons stated, the judgments of the trial court are affirmed.

<u>Affirmed.</u>